## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEREZ COLEMAN,

    Petitioner,

    v.

TERRY KOKALIS,
BRIAN FROSH,
MERRICK GARLAND,

    Respondents.

Civil Action No.: JKB-22-2703
(Related Case: JRR-22-1985)

### MEMORANDUM OPINION

On October 19, 2022, this Court received the above-entitled Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 accompanied by a Motion for Leave to Proceed in Forma

Pauperis. Because he appears to be indigent, Petitioner's motion shall be granted. For the reasons

that follow, the petition must be dismissed.

Self-represented Petitioner Jerez Coleman, who alleged that he is currently incarcerated in

the Talbot County Detention Center, challenges his bail as excessive. ECF No. 1. Coleman

previously filed a petition in this Court raising the identical claim. *See Coleman v. Tyler*, Civ.

Action JRR-22-1985 (D. Md. 2022) (hereinafter *Coleman I*). In that case, the Court directed a

response to Coleman's Emergency Motions for Pretrial Release and, after receiving that response,

denied his motions and dismissed his petition as moot. *Coleman I* at ECF No. 13. In the Order

dismissing Coleman's petition and denying injunctive relief this court observed:

> When Coleman filed his Petition with this Court, he was a pre-trial detainee in
> the custody of Talbot County, Maryland. He complained that the bail set for
> him, $50,000, was excessive and violated his Eighth and Fourteenth Amendment
> rights because his family cannot afford to pay it. Coleman later informed the
> Court that he has cancer (glioblastomia), has weakened immune system, and is
> at a greater risk of developing serious side effects if he contracts COVID-19.
> ECF No. 4 at 7-8. Paradoxically, Coleman also states that he contracted the

virus on August 10, 2022, while detained in the Talbot County Detention Center ("TCDC"). *Id.* at 2. Coleman argues that the amount of bail that was set, together with the conditions in TCDC that heighten the risk of COVID-19 infection is, in his case, a violation of both the Fourteenth and Eighth Amendments. *Id.* at 7.

Respondents assert that this Court is not authorized to issue an injunction filed in the context of a habeas petition, but more importantly, they provide evidence that Coleman is no longer being held under the bail he initially contested, and he is no longer in the custody of Talbot County. Rather, Coleman has been committed to the custody of the Maryland Department of Health after he was found not competent to stand trial and a danger to himself. ECF No. 12-1 at 272-74 (Cir. Ct. for Talbot County Order). Coleman must be transferred to a health care facility no later than ten days from September 14, 2022, the date the court found him not competent to stand trial. *Id.* at 273.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Here, Coleman is no longer being held pursuant to the bail he claimed was excessive, nor is he exposed to the alleged unconstitutional conditions at TCDC. His claims are therefore moot and the merits of his assertions may not be reached.

*Id.* at 1–3.

Coleman is no longer being held pending bail; rather, on February 28, 2023, he was found guilty and received a three-year sentence all but 18 months of which was suspended. *See State v. Stone-Coleman*, Crim. Case C-20-Cr-19-000314 (Talbot Co. Cir. Ct. 2019) at http://casesearch.courts.state.md.us/inquiry (last visited March 20, 2023). Thus, the claim regarding the amount of his bail is moot.

Further, to the extent that Coleman seeks to challenge his commitment to the Department of Health or otherwise, he must first exhaust the state remedies available to him. Coleman gives no indication that this aspect of his detention has been exhausted through the state courts.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Coleman has not satisfied these requirements and the Court declines to issue a certificate of appealability. He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

By separate Order which follows, the Petition shall be dismissed without prejudice.

Dated this 27 day of _March_, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge

3